```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

DIANA KOTTORI,                )
        Plaintiff,            )
                              )
        v.                    )   C.A. No. 10-11913-MBB
                              )
FEDERAL BUREAU OF             )
INVESTIGATION,                )
        Defendant.            )

## MEMORANDUM AND ORDER
March 4, 2011

SARIS, U.S.D.J.

Now before this Court is plaintiff Diana Kottori's ("Kottori") Motion for a Preliminary Injunction (Docket No. 21) and Motion for a Temporary Restraining Order (Docket No. 22).

Both motions are unintelligible. In her Motion for a Temporary Restraining Order, Kottori alleges that she is "targeted for a hand injury by people known by investigators and the prosecutor[']s office." Motion for a Temporary Restraining Order (Docket No. 22 at ¶ 1). She asks this Court to grant "a temporary restraining order against the defendant[1] and any other third party from the unsafe conditions imposed upon the plaintiff in order for the plaintiff to be able to resolve the current court complaint." Id. at 3. She also asks this Court to order the defendant to provide her with a hotel room and "covered expenses close by one of her homes" until she is able to resolve this action. Id.

---

[1]Although Kotteri seeks relief against "defendants," the only defendant in this action is the Federal Bureau of Investigation.

Similarly, in her Motion for Preliminary Injunction, she reiterates her claims regarding her hand injury. She alleges that she has been detained in uninhabitable and unsafe conditions outdoors for several years, and asserts that she will remain at the South Station MBTA until she is given the information she needs. Motion for Preliminary Injunction (Docket No. 21 at 1-2). She asserts that several people will be charged with conspiring to deprive her of her due process rights, including a state judge and a United States Attorney.

As relief, Kottori seeks an Order restraining the defendants or any third party from unsafe conditions imposed upon her, and an Order directing the defendant to provide her with a hotel room and cover her expenses.

## DISCUSSION

To obtain the extraordinary remedy of preliminary injunctive relief, Kottori must show that: (1) she will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the defendant(s) if granted; (3) she is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993)(extending four part preliminary injunction test to temporary restraining orders). To warrant the more

extraordinary relief of a temporary restraining order, Kottori must demonstrate that her injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

As an initial matter, Kottori has not certified efforts to give notice to the adverse parties regarding her request for immediate injunctive relief. More importantly, however, this court cannot find, based on the record, that she is entitled either to temporary or preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, on an *ex parte* basis or otherwise. This action involves a claim under the Freedom of Information Act seeking disclosure of information from the defendant. See Order re: Amended Complaint (Docket No. 14). It appears from her preliminary injunction motion that she contends she is waiting for FOIA information in order to start a family. Kottori's claims of conspiracy in connection with state court litigation or otherwise, are not properly before this Court. In light of the above, Kottori's requests for temporary and preliminary injunctive relief (*i.e.*, to pay her room and board and/or to ensure her safety) have no rational connection to the claim in this action, and this is not the type of relief available to her on a preliminary basis or otherwise.

Accordingly, her motions for injunctive relief must be DENIED.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for a Preliminary Injunction (Docket No. 21) is <u>DENIED</u>; and

2. Plaintiff's Motion for a Temporary Restraining Order (Docket No. 22) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Patti B. Saris</u><br>
PATTI B. SARIS<br>
UNITED STATES DISTRICT JUDGE<br>
(as emergency judge)