```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

DIANA R. KOTTORI
    Plaintiff,

    v.                                              CIVIL ACTION NO.
                                                       10-11913-MBB

FEDERAL BUREAU OF INVESTIGATION,
    Defendant.

**MEMORANDUM AND ORDER RE:
DEFENDANT'S MOTION TO DISMISS
(DOCKET ENTRY # 29)**

**May 13, 2011**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to dismiss (Docket Entry # 29) filed by defendant Federal Bureau of Investigation ("defendant") pursuant to Rule 12(b)(1), Fed. R. Civ. P.

<u>PROCEDURAL BACKGROUND</u>

    On December 20, 2010, plaintiff filed an amended complaint (Docket Entry # 9) alleging inter alia that defendant improperly withheld information she requested pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The amended complaint cites 28 U.S.C. § 1331 as its jurisdictional basis and purports to set forth a cause of action under the FOIA. (Docket Entry # 9, pp. 1-2).

    On March 4, 2011, plaintiff filed motions for a preliminary injunction (Docket Entry # 21) and a temporary restraining order

(Docket Entry # 22). In a memorandum and order issued on March 4, 2011, the court denied both motions sua sponte on grounds that plaintiff's "requests for temporary and preliminary injunctive relief [had] no rational connection to the claim at issue in this case," to wit, a FOIA claim "seeking disclosure of information from the defendant." (Docket Entry # 24, p. 1).

On March 21, 2011, defendant filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. Under LR. 7.1 plaintiff had 14 days to file an opposition to defendant's motion to dismiss. To date, plaintiff has not filed an opposition and the 14 day period has elapsed. The motion to dismiss (Docket Entry # 29) is therefore ripe for review.

FACTUAL BACKGROUND

The amended complaint states that plaintiff is "a classified victim on a federal case" and that as a result she has been detained by defendant at South Station in Boston, Massachusetts since December 2007. (Docket Entry # 9, ¶¶ 4 & 12). According to the amended complaint, plaintiff requested from defendant the "release of information the defendants[sic] require [her] to have in order to release her from detention." (Docket Entry # 9, p. 1). The amended complaint sets forth that plaintiff requested the following information:

the name and address of a person that she met in Boston

> in June 2006. The man plaintiff met was wearing a navy
> blue blazer and a white shirt with no tie and he is
> [I]talian. He brought several [I]talian men with him
> when he met and spoke to plaintiff. This person wanted
> to talk to plaintiff, help her and he was looking for a
> relationship with her. He physically put himself in
> front of plaintiff to show people that he was going to
> protect her. He sent someone to talk to plaintiff
> again after one hour from when she last saw him on that
> day. Local, state and federal detectives say this man
> is from New York and he is known to be in East Boston.
> Recently this man has asked people on the case where
> [plaintiff] is and he wants [her] home with him.

(Docket Entry # 9, ¶ 6).

According to the amended complaint, plaintiff never received any written responses to her FOIA request even though defendant claims "several letters answering [her] FOIA request were written and addressed to third parties." (Docket Entry # 9, ¶ 8). The amended complaint also notes those letters contained "incorrect information, [and] unethical and illegal requests as a condition to [plaintiff] receiv[ing] the information requested." (Docket Entry # 9, ¶ 8). Plaintiff "has exhausted all applicable administrative remedies," according to the amended complaint (Docket Entry # 9, ¶ 17), and requests that this court compel defendant to disclose the aforementioned information so that she may return home. (Docket Entry # 9, p. 1).

## DISCUSSION

Defendant moves to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1),

3

Fed. R. Civ. P. (Docket Entry # 29). According to defendant, plaintiff has failed to establish the prerequisites to federal subject matter jurisdiction as set forth under the FOIA. (Docket Entry # 30). That is, plaintiff has not demonstrated that defendant improperly withheld agency records or that she exhausted all administrative remedies prior to seeking judicial review. (Docket Entry # 30). This court agrees.

In reviewing a motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., this court must "assess whether the plaintiff has propounded an adequate basis for subject matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). "It is 'elementary' that the United States, as a sovereign, is immune from suit unless it has consented to be sued." Callahan v. United States, 426 F.3d 444, 450 (1st Cir. 2005). A federal court therefore lacks subject matter jurisdiction over actions filed against the United States and its agencies absent a waiver of sovereign immunity. See, e.g., Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006).

The FOIA vests jurisdiction in federal courts to enjoin an "'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). "It cannot be said [however] that an agency improperly withheld

4

records if the agency did not receive a request for those records." Banks v. Department of Justice, 538 F.Supp.2d 228, 234 (D.D.C. 2008).

A party must also generally exhaust all administrative remedies before seeking judicial review. Wilbur v. CIA, 355 F.3d 675, 677 (D.C.Cir. 2004); see also Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C.Cir. 2003) (FOIA's administrative scheme "favors treating failure to exhaust as a bar to judicial review") (construing 5 U.S.C. § 552(a)(6)(A) and citing cases). Where the aggrieved party fails to demonstrate that he has made a FOIA request, his complaint must be dismissed. Banks, 538 F.Supp.2d at 234.

The declaration of David M. Hardy ("Hardy") establishes that defendant has not received any FOIA requests from plaintiff. (Docket Entry # 30, p. 4). Hardy, the Section Chief for the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD") of the Federal Bureau of Investigation ("FBI"), certifies that a search of the agency's electronic database[1] revealed that neither FBI headquarters nor

---

[1] All FOIA and Privacy Act ("FOIPA") requests submitted to the FBI are entered into the FBI's FOIPA document processing system ("FDPS") "electronically by RIDS staff, and includes the scanning and uploading of each new request it receives." (Docket Entry # 30, Ex. 1, ¶ 5). As a result, RIDS staff are able to conduct "electronic queries in FDPS either by the name of a requester or the subject matter of a request to determine whether a particular [FOIPA} request has been received." (Docket Entry # 30, Ex. 1, ¶ 5).

5

the FBI's Boston field office have received any document requests from plaintiff. (Docket Entry # 30, Ex. 1, ¶¶ 5 & 6). Plaintiff has not offered any evidence to the contrary. "Without any showing that the agency received the request, the agency has no obligation to respond to it." Banks, 538 F.Supp.2d at 234. Plaintiff has therefore failed to show that defendant improperly withheld agency records. Moreover, by failing to submit a FOIA request, plaintiff never began the FOIA administrative process and thus cannot show that she has exhausted all administrative remedies.

## CONCLUSION

In light of the foregoing discussion, defendant's motion to dismiss (Docket Entry # 29) is **ALLOWED**.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge